IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v.      )      Criminal No. 19-507<br>)<br>TOWER & SON EXTERMINATING, CORP.,  )<br>)<br>)<br>Defendant     ) | |

## PLEA AGREEMENT

The United States of America (United States) through its undersigned attorneys, together with the defendant, TOWER & SON EXTERMINATING, CORP., respectfully advise the Court that they have reached a plea agreement pursuant to FED. R. CRIM. P. 11(c)(1)(A) and (B). The plea agreement relates to the resolution of a criminal investigation arising out of TOWER & SON EXTERMINATING, CORP.'s role in the application of the registered pesticide methyl bromide in a manner inconsistent with its labeling. The following paragraphs set forth the specific terms and conditions of the plea agreement between the United States and TOWER & SON EXTERMINATING, CORP.

### Plea of Guilty

1. The defendant TOWER & SON EXTERMINATING, CORP., agrees to enter a plea of guilty to Counts One through Six of the Indictment filed on August 15, 2019, charging that, in San Juan, Puerto Rico, in the District of Puerto Rico and within the jurisdiction of this Court, acting as a commercial applicator, it did knowingly apply the restricted-use pesticide METH-O-GAS Q, containing methyl bromide, at the locations listed below for the purpose of exterminating household pests, a use not in accordance with its registration and labeling:

1

| COUNT | DATE | LOCATION |
|---|---|---|
| 1. | August 19, 2014 | Cangrejos Yacht Club Carolina, Puerto Rico |
| 2. | October 1, 2014 | Car. 176 Km Camino Armando Marrero, Puerto Rico |
| 3. | October 3, 2014 | Calle Estrella Del Mar Dorado, Puerto Rico |
| 4. | November 19, 2014 | Los Suenos Ciudad Jardín Gurabo, Puerto Rico |
| 5. | December 4, 2014 | Road 829 Km 6.2, Bayamon, Puerto Rico |
| 6. | December 10, 2014 | Los Robies Las Cumbres San Juan, Puerto Rico |

All in violation of Title 7, United States Code, Sections 136j(a)(2)(G) and 136*l*(b)(1)(B).

## Elements of the Offense



2.  The defendant is pleading guilty to six counts of violating the Federal Insecticide, Fungicide, and Rodenticide Act (FIFRA). The elements of an offense under sections 136j(a)(2)(G) and 136*l*(b)(1)(B) are:

a) the defendant knowingly used or caused the use;

b) of a registered pesticide, methyl bromide;

c) inconsistent with its labeling.

## The Penalties

3.  The FIFRA violations to which the defendant TOWER & SON EXTERMINATING, CORP., will plead guilty are Class A misdemeanors and carry a statutory fine of $25,000.00 each. The Alternative Fines Act, 18 U.S.C. § 3571(d), provides an alternative maximum statutory fine of $200,000 for each count of 7 U.S.C. § 136j(a)(2)(G). The FIFRA violation carries a five-year term of probation.

### Restitution and Other Financial Matters

4.      In addition to the other penalties provided by law, the Court may also order that defendant TOWER & SON EXTERMINATING, CORP., make restitution as permitted or required under 18 U.S.C. §§ 3663 and 3663A. The United States agrees that at this time the government is unaware of any victims to whom restitution is owed.

5.      The defendant agrees to provide to the Financial Litigation Unit (FLU) of the United States Attorney's Office, at least 45 days before sentencing. And, upon request of the FLU during any period of probation or supervised release imposed by the court, a complete and sworn financial statement on a form provided by FLU and any documentation required by the form or requested by FLU. The defendant further agrees, upon request of FLU whether made before or after sentencing, to promptly: cooperate in the identification of assets in which the defendant has an interest, cooperate in the liquidation of any such assets, and participate in an asset deposition.

### Applicability of Sentencing Guidelines



6.      Defendant TOWER & SON EXTERMINATING, CORP., understands and agrees that the Sentencing Reform Act of 1984 and the Sentencing Guidelines, relating to the Sentencing of Organizations (Chapter 8) apply in this case, except for the imposition of a fine. Instead, the amount of the fine is to be determined under 18 U.S.C. §§ 3553 and 3571. All other sections of Chapter 8 of the Sentencing Guidelines that are applicable to corporate defendants are applicable to this case, including provisions for probation and community service. TOWER & SON EXTERMINATING, CORP., further understands that the Court considers the applicable Sentencing Guidelines as advisory and not mandatory and may, in its discretion, depart from those Guidelines under some circumstances. *United States v. Booker*, 543 U.S. 220 (2005). The

defendant TOWER & SON EXTERMINATING, CORP., expressly understands that the Sentencing Guideline determinations will be made by the Court, based upon input from the defendant, the United States, and the United States Probation Officer who prepares a pre-sentence investigation report if ordered by the district court. TOWER & SON EXTERMINATING, CORP., and the United States further understand that under Fed. R. Crim. P. 11(d)(2)(B), TOWER & SON EXTERMINATING, CORP., may withdraw its guilty plea prior to imposition of sentence if the defendant can show a fair and just reason for requesting the withdrawal.

### Sentencing Recommendation

7. Defendant TOWER & SON EXTERMINATING, CORP., and the United States recommend that the Court impose the following sentence: (1) a fine of $20,000.00 and (2) a term of probation of four years.

### Special Assessment



8. In addition, the defendant TOWER & SON EXTERMINATING, CORP., shall be ordered to pay a Special Assessment of $125.00 per count for a total of $750.00, which will be due and payable to the Clerk of the United States District Court for the District of Puerto Rico at the time the defendant enters its plea of guilty.

### Special Conditions of Probation

9. Defendant TOWER & SON EXTERMINATING, CORP., and the United States further recommend that in addition to the general conditions of probation imposed by the District Court, the District Court impose the following Special Conditions of Probation: the defendant is to submit to unannounced inspections by the Puerto Rico Department of Agriculture and/or the United States Environmental Protection Agency; the defendant is to cease the use of the

registered pesticide methyl bromide in the District of Puerto Rico; and the defendant is to fully cooperate with the United States Department of Justice in the investigation and prosecution of others. These are in addition to any other Special Conditions of probation deemed appropriate in the discretion of the sentencing court.

### Factual Basis for Conviction

10. The accompanying Agreed Statement of Facts (Attachment "A") signed by the authorized representative of defendant TOWER & SON EXTERMINATING, CORP., and the United States is hereby incorporated into this plea agreement. The defendant TOWER & SON EXTERMINATING, CORP., adopts and accepts the Agreed Statement of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, that the United States would have proven those facts beyond a reasonable doubt. Further, TOWER & SON EXTERMINATING, CORP., agrees that the Agreed Statement of Facts will be used by the sentencing judge together with any other facts and information from the pre-sentence report, if one is ordered by the District Court, in determining the appropriate sentence in this case.

### Waiver of Rights

11. *Waiver of Trial Rights and Consequences of Guilty Plea*: Defendant TOWER & SON EXTERMINATING, CORP., understands that it has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one may be appointed to represent the defendant. TOWER & SON EXTERMINATING, CORP., understands that it has the right to plead not guilty or to persist in that not guilty plea if it has already been made, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against it, and the right to compulsory process for the attendance of witnesses to testify in its defense. TOWER & SON EXTERMINATING, CORP., further understands that by

pleading guilty it waives and gives up those rights and that there will not be a further trial of any kind if the Court accepts the plea of guilty.

12. *Waiver of Statute of Limitation*: Defendant TOWER & SON EXTERMINATING, CORP., understands and agrees that should the conviction following its plea of guilty and pursuant to this plea agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. Defendant TOWER & SON EXTERMINATING, CORP., agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

13. *Waiver of Right to Appeal and Collateral Attack*: Defendant TOWER & SON EXTERMINATING, CORP., acknowledges that under certain circumstances it is entitled to appeal its conviction and sentence. It is specifically agreed that neither the government nor the defendant will appeal or collaterally attack in any proceeding the conviction or sentence imposed by the Court on the defendant, even if the Court calculates the sentence or sentencing range under Chapter 8 of the Sentencing Guidelines by a guideline analysis different from that specified in this plea agreement or anticipated by either party. Defendant TOWER & SON EXTERMINATING, CORP., expressly acknowledges that it is waiving its right with respect to future challenges to its conviction or sentence knowingly and intelligently. This does not include a challenge to the conviction based on a claim of ineffective assistance of counsel.

14. *Waiver of Claims under § 3006A*: Defendant TOWER & SON EXTERMINATING, CORP., further agrees to waive any claim under 18 U.S.C. § 3006A for attorney's fees and other litigation expenses arising out of the investigation and prosecution of this matter.

15. *Waiver under Blakely v. Washington*: As a term of this plea agreement, defendant TOWER & SON EXTERMINATING, CORP., agrees to waive all rights under *Blakely v. Washington*, 542 U.S. 296 (2004). The defendant agrees to have its sentence determined under Chapter 8 of the Sentencing Guidelines; waives any right to have facts that determine its sentence under the Guidelines (including facts that support any specific offense characteristic or other enhancement or adjustment) alleged in the Indictment and found by a jury beyond a reasonable doubt; agrees that relevant sentencing facts that determine the sentence will be found by the Court at the time of sentencing by a preponderance of the evidence and that the Court may consider any reliable evidence, including hearsay, and agrees to waive all constitutional challenges to the validity of the Sentencing Guidelines.

### Acknowledgment of Guilt Voluntariness of Plea

16. Defendant TOWER & SON EXTERMINATING, CORP., acknowledges that it is entering into this agreement and is pleading guilty freely and voluntarily because it is guilty of the charged offenses. Defendant TOWER & SON EXTERMINATING, CORP., further acknowledges that it is entering into this agreement without reliance upon any discussions between the United States and TOWER & SON EXTERMINATING, CORP., (other than those described in this plea agreement), without promise of benefit of any kind (other than the concessions contained in this plea agreement), and without threats, force, intimidation, or coercion of any kind. The defendant TOWER & SON EXTERMINATING, CORP., further

acknowledges that it has a full understanding of the nature of the offenses to which it is pleading guilty, including the penalties provided by law. The voluntary nature of TOWER & SON EXTERMINATING, CORP.'s plea of guilty and the acknowledgment of its full understanding of the nature of the offenses charged against it are evidenced by the signed statement of its authorized representative, authorizing the entry of its plea of guilty. (A copy of said statement is attached hereto as Attachment "B" and is incorporated herein.) Defendant TOWER & SON EXTERMINATING, CORP., also acknowledges it is completely satisfied with the representation and advice received from its undersigned attorney, Mario A. Carrillo-Cotto, Esquire, and the undersigned attorney is unaware of any conflict of interest concerning attorney Mario A. Carrillo-Cotto, Esquire's representation of TOWER & SON EXTERMINATING, CORP., in this case.

### Scope of Agreement

17. In exchange for defendant TOWER & SON EXTERMINATING, CORP.'s guilty plea and the other terms in this plea agreement, the United States agrees not to file any further criminal actions against TOWER & SON EXTERMINATING, CORP., for any conduct arising out of the misapplication of the registered pesticide methyl bromide known to the government at the time of the signing of this plea agreement. TOWER & SON EXTERMINATING, CORP., acknowledges and understands that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. Defendant TOWER & SON EXTERMINATING, CORP., acknowledges that no representations have been made to it with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. The government agrees to move to dismiss Counts Seven and

Eight of the Indictment at the time of sentencing.

### Satisfaction of Federal Environmental Criminal Liability; Breach

18.  TOWER & SON EXTERMINATING, CORP.'s guilty plea, if accepted by the Court, will satisfy TOWER & SON EXTERMINATING, CORP.'s federal environmental criminal liability in the District of Puerto Rico and to the Department of Justice Environmental Crimes Section and the United States Attorney's Office for the District of Puerto Rico for the conduct which is the basis of the Indictment filed in this case, and known to the United States up to the date of the filing of the Indictment. This plea agreement does not protect the defendant from civil prosecution or otherwise extend to individual persons not a party or signatory to this agreement.



19.  TOWER & SON EXTERMINATING, CORP., understands that if, before sentencing, it violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the United States may void all or part of this agreement. If the agreement is voided in whole or in part, defendant TOWER & SON EXTERMINATING, CORP., agrees and acknowledges that it will not be permitted to withdraw its plea of guilty.

### No Other Promises

20.  Defendant TOWER & SON EXTERMINATING, CORP., acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this

///

///

///

///

plea agreement, and none will be entered into unless set forth in writing and signed by all the parties.

AGREED TO AND ACCEPTED, December 15, 2019.

*[signature]*
DAISY NIEVES RIVERA President,
TOWER & SON EXTERMINATING, CORP.

*[signature]*
MARIO A. CARRILLO-COTO, Esquire
Attorney for the defendant:
TOWER & SON EXTERMINATING, CORP.

W. STEPHEN MULDROW
United States Attorney
District of Puerto Rico

*[signature]*
HOWARD P. STEWART
Senior Litigation Counsel
Environmental Crimes Section
United States Department of Justice
Washington, DC 20026
howard.stewart@usdoj.gov

*[signature]*
CARMEN M. MARQUEZ
Assistant United States Attorney
District of Puerto Rico
carmen.m.marquez@usdoj.gov

APPROVED:

*[signature]*
MYRIAM Y. FERNANDEZ
Assistant United States Attorney
Criminal Chief
District of Puerto Rico

(ATTACHMENT "A")

AGREED STATEMENT OF FACTS

The parties agree that this Agreed Statement of Facts represents those facts the government would prove beyond a reasonable doubt if this matter proceeded to trial. The parties further agree the Agreed Statement of Facts is sufficient to prove the elements of an offense under 7 U.S.C. § 136j. At all times material to the Indictment filed in this case:

A. BACKGROUND

Title 7, United States Code, Section 136a requires any pesticide distributed or sold in the United States to be registered with the EPA. If a pesticide could, without specific restrictions as to use, cause unreasonable adverse effects on the environment, it is classified as a restricted-use pesticide. Because of its potential hazards, a restricted-use pesticide may be distributed or used only for the specific purposes and according to the specific methods prescribed by EPA. Methyl bromide was a restricted-use pesticide and was to be used only by or under the direct supervision of a certified applicator. 40 C.F.R. § 152.175.

Meth-O-Gas Q was registered with the EPA on or about January 3, 1972, and assigned registration number 5785-41. Meth-O-Gas Q contains 100% methyl bromide. Meth-O-Gas Q was not registered for residential use in homes or structures to kill roaches, fleas, Powder Post Beetles or other household pests.

TOWER & SON EXTERMINATING, CORP., was a corporation registered under the laws of Puerto Rico in 2004. TOWER & SON EXTERMINATING, CORP., was in the business of providing pest control services on the Island of Puerto Rico. TOWER & SON EXTERMINATING, Corp., was a certified "commercial applicator" under 7 U.S.C. § 136(e)(3).

1

Wilson Javier Torres-Rivera was the owner of TOWER & SON EXTERMINATING, CORP. Wilson Javier Torres-Rivera received training by the Puerto Rico Department of Agriculture (PRDOA) in the structural (inside and outside) and ornamental (outside treating insect infestation) application of pesticide. PRDOA issued Wilson Javier Torres-Rivera Certificate Number 2001-C-8872, which was effective until May 14, 2017. Wilson Javier Torres-Rivera's training emphasized that he must read the label before using a registered or other pesticide. In short, Wilson Javier Torres-Rivera was trained that the "label is the law." Wilson Javier Torres-Rivera was a certified "commercial applicator" under 7 U.S.C. § 136(e)(3), and was authorized to purchase and use properly restricted pesticides, including methyl bromide. At all times relevant, Wilson Javier Torres-Rivera was acting within the scope of his employment and, at least in part, for the benefit of TOWER & SON EXTERMINATING, CORP.

The Puerto Rico Department of Health issued TOWER & SON EXTERMINATING, CORP., license number 1741 that was effective until April 27, 2015.



**B. COUNTS ONE THRU SIX.**

TOWER & SON EXTERMINATING, CORP.

On or about the dates listed below, defendant TOWER & SON EXTERMINATING, CORP., in the District of the Puerto Rico and within the jurisdiction of this Court, acting through its owner Wilson Javier Torres-Rivera, and acting as a commercial applicator, did knowingly apply the restricted-use pesticide METH-O-GAS Q, containing methyl bromide, at the locations listed below, in Puerto Rico, for the purpose of exterminating household pests, a use not in accordance with its registration and labeling. Each application violated 7 U.S.C. §§ 136j(a)(2)(G) and 136l(b)(1)(B).

| COUNT | DATE | LOCATION |
|---|---|---|
| 1. | August 19, 2014 | Cangrejos Yacht Club Carolina, Puerto Rico |
| 2. | October 1, 2014 | Car. 176 Km Camino Armando Marrero, Puerto Rico |
| 3. | October 3, 2014 | Calle Estrella Del Mar Dorado, Puerto Rico |
| 4. | November 19, 2014 | Los Suenos Ciudad Jardín Gurabo, Puerto Rico |
| 5. | December 4, 2014 | Road 829 Km 6.2, Bayamon, Puerto Rico |
| 6. | December 10, 2014 | Los Robies Las Cumbres San Juan, Puerto Rico |

All in violation of Title 7, United States Code, Sections 136j(a)(2)(G) and 136l(b)(1)(B).

DEFENDANT TOWER & SON EXTERMINATING, CORP., agrees and stipulates that if this case were to go to trial, the government would prove each of the facts set forth above beyond a reasonable doubt and that the facts as proved are sufficient to sustain a conviction for using a registered pesticide, methyl bromide, in a manner inconsistent with its labeling.

AGREED TO AND ACCEPTED.

RESPECTFULLY SUBMITTED,

W. STEPHEN MULDROW
United States Attorney
District of Puerto Rico

APPROVED:

_____
DAISY NIEVES RIVERA
President
TOWER & SON EXTERMINATING, CORP.,
Dated: December 15, 2019

_____
MYRIAM Y. FERNANDEZ
Assistant U.S. Attorney
Chief, Criminal Division
United States Attorney's Office
District of Puerto Rico

_____  
MARIO A. CARRILLO-COTO, Esquire  
Attorney for  
TOWER & SON EXTERMINATING, CORP.  
December 15, 2019

_____  
HOWARD P. STEWART  
Senior Litigation Counsel  
Environmental Crimes Section  
United States Department of Justice  
Washington, D.C. 20004  
howard.stewart@usdoj.gov

_____  
CARMEN M. MARQUEZ  
Assistant United States Attorney  
District of Puerto Rico  
carmen.m.marquez@usdoj.gov

4